## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff(s),<br><br>-vs-<br><br>LUMINUS LLC d/b/a HEALTH AND WELLNESS CENTER, VADIM SMIRNOV, NATASHA FUKSINA, M.D., JESSICA PARAVATI, and JULIE ANGELINI,<br><br>Defendant(s). | Civil Action No.<br><br><br>**COMPLAINT**<br>**AND JURY DEMAND** |

Plaintiff, Atain Specialty Insurance Company (hereinafter "Atain"), by way of Complaint against the Defendants, says:

### PARTIES

1.     At all times hereinafter mentioned, Atain is now and was at the commencement of this action incorporated in the State of Michigan with its principal place of business located at 220 Kaufman Financial Center, 30833 Northwestern Highway, City of Farmington Hills, State of Michigan, and is a citizen of the State of Michigan.

2.     At all times hereinafter mentioned, Defendant, Luminus, LLC., d/b/a Health & Wellness Center, is limited liability corporation of the State of New Jersey  with its principal place of business located at Two West Northfield Rd., Suite 211, Town of Livingston, State of New Jersey, and is a citizen of New Jersey.

3.     At all times hereinafter mentioned, Defendant, Vadim Smirnov, is the sole member of Defendant, Luminus, LLC., d/b/a Health & Wellness Center. He resides at, 329 Devon Pl., Town of Morganville, State of New Jersey, and is a citizen of the State of New Jersey.

4.     At all times hereinafter mentioned, Defendant, Natasha Fuksina M.D., is a medical professional, licensed by the State of New Jersey to practice medicine, and resides at 109 Crown Court, #34, Town of Livingston, State of New Jersey, and is a citizen of New Jersey.

5.     At all times hereinafter mentioned, Defendant, Jessica Paravati, resides at 44 Oakwood Village, Town of Flanders, State of New Jersey, and is a citizen of the State of New Jersey.

6.     At all times hereinafter mentioned, Defendant Julie Angelini, resides at 428 Steuben Ave., Township of Forked River, State of New Jersey, and is a citizen of the State of New Jersey

**JURISDICTION**

7.     The United States District Court has original jurisdiction over the subject matter of said civil action under 28 U.S.C. § 1332(a) in that this is an action where the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs and there is complete diversity of citizenship between the Plaintiff and the Defendants.

{01373211}

8.      This is an action brought pursuant to the Declaratory Judgment Act 28 U.S.C. § 2201 et seq., and there is an actual case and controversy between the parties requiring adjudication by the Court.

9.      Venue is proper within this jurisdiction pursuant to 28 U.S.C. §1391(a) because, upon information and belief, one on more of each of the Defendants reside or is incorporated and has its principal place of business in this judicial district.

## THE UNDERLYING LITIGATION MATTER

10.     Defendant Luminus, LLC., d/b/a Health & Wellness Center (hereinafter "Luminus"), is a provider of beauty and wellness services including "Intense Pulse Light" ("IPL$^{TM}$") Photofacial skin treatments at locations throughout New Jersey including but not limited to an office located at 2 West Northfield Rd., Suite 211, Livingston, New Jersey.

11.     Defendant Vadim Smirnov is the sole member of Luminus, the owner and the manager of the business.

12.     Upon information and belief, Defendant Natasha Fuksina M.D., is a licensed physician in the State of New Jersey who operates her medical practice at the Luminus office location, 2 West Northfield Rd., Suite 211, Livingston, New Jersey.

13.     Upon information and belief, Defendant Natasha Fuksina M.D., advertises her medical practice and holds herself out to the general public as Health & Wellness Center, (the trade name of Luminus), with her office located at 2 West Northfield Rd., Suite 211, Livingston, New Jersey.

3

{01373211}

14.    Upon information and belief, Defendant Natasha Fuksina M.D., advertises IPL Photofacial services at the Health & Wellness Center, (the trade name of Luminus), 2 West Northfield Rd., Suite 211, Livingston, New Jersey.

15.    Upon information and belief, Defendant Natasha Fuksina M.D., oversees and supervises the provision of IPL Photofacial services at the Health & Wellness Center, (the trade name of Luminus), 2 West Northfield Rd., Suite 211, Livingston, New Jersey.

16.    Upon information and belief Defendants Natasha Fuksina and Jessica Paravati are employees, servants, agents, or volunteers of Defendant Luminus.

17.    A Complaint was filed in the matter of <u>Julie Angelini v. Vadim Smirnov, Health and Wellness Center, Natasha Fuksina, M.D. Jessica  Paravati; Richard/Rhonda Roes 1-10 and ABC Corporations 1-10,</u>, Docket number MON-L-2271-16, which was filed in the New Jersey Superior Court, Monmouth County (hereinafter the "Litigation Matter").

18.    It is alleged in the Litigation Matter that in response to advertisements from Defendants Luminus and Fuksina, that Defendant Angelini subjected herself to IPL Photofacial treatment at the Luminus office, 2 West Northfield Rd., Suite 211, Livingston, New Jersey.

19.    It is further alleged in the Litigation Matter that the treatment received by Defendant Angelini was performed by Defendant Paravati, and overseen by Defendant Fuksina.

4

20.     It is further alleged in the Litigation Matter that the Defendants Paravati, Fuksina, Smirnov, and/or Luminus were negligent in the performance of the medical treatment received by Angelini, and otherwise committed medical malpractice.

21.     It is further alleged in the Litigation Matter that the Defendants Paravati, Fuksina, Smirnov, and/or Luminus were negligent in the maintenance and operation of the IPL Photofacial equipment used in the performance of the medical treatment received by Angelini.

22.     It is further alleged in the Litigation Matter that Defendants Smirnov, and/or Luminus each are vicariously liable for the conduct of both Defendants Paravati and Fuksina.

23.     Defendant Angelini further alleges in the Litigation Matter that she was caused to sustain serious injury on February 16, 2016 when, while receiving IPL Photofacial Treatment, she was seriously burned due to the aforementioned negligence and medical malpractice.

24.     The burning incident and injury was immediately noted by Defendant Paravati and reported to Defendant Fuksina.

25.     On February 17, 2016, Defendant Angelini returned to the Luminus office and was examined by Defendant Fuksina in connection with her burn injuries.

{01373211}

## THE INSURANCE POLICY

26.     Plaintiff, Atain Specialty insurance Company, (hereinafter "Atain") issued a general liability insurance policy number CP7221663202 to Luminus, LLC, LLC., as Named Insured for the policy period of February 10, 2016 through February 10, 2017.

27.     The Defendant Luminus' business is described as "Image & Eligible Services."

28.     Coverage was issued with a $500,000 per occurrence limit, and a $500,000 aggregate limit.

29.     The General Liability portion of the policy provides in pertinent part:

**SECTION I – COVERAGES**

**COVERAGE A: BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.     Insuring Agreement

a.     We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or property damage" to which this insurance applies. We will have the right and duty to defend the Insured against any "suit" seeking those damages. However, we will have no duty to defend the Insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  ...

b.     This insurance applies to "bodily injury" and "property damage" only if:

(1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

{01373211}

  (2) The "bodily injury" or "property damage" occurs during the policy period; and

  (3) Prior to the policy period, no insured listed under Paragraph 1 of Section II – Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any Insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

  (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

  (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

  (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

7

30.    The policy defines an "Occurrence" as an "accident, including continuous or repeated exposure to substantially the same general harmful conditions."

31.    The policy defines "Bodily injury" as "bodily injury, sickness or disease sustained by any person..."

32.    The following exclusions were appended to the policy by endorsement:

> This insurance does not apply to:
>
> "Bodily injury"...including payment for loss or defense costs in connection with any claim made against any insured based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving the rendering or failure to render any professional services by, but not limited to any accountant, architect, engineer, ....or any other service that is of a professional nature.
>
> X. ASSAULT AND BATTERY EXCLUSION
>
> This insurance does not apply under Coverage A Bodily Injury...arising from:
>
> 1. Assault and Battery committed by any insured, any employee of any insured, or any other person;
>
> 2. The failure to suppress or prevent Assault and Battery by any person in 1. above;
>
> 3. Resulting from or allegedly related to the negligent hiring, supervision or training of any employee of the insured; or
>
> 4. Assault or Battery, whether or not caused by or arising out of negligent, reckless or wanton conduct of the Insured, the Insured's employees, patrons or other persons lawfully or otherwise on, at or near the premises owned or occupied by the Insured or by any other person.

{01373211}

33.     The policy also provides professional liability insurance with endorsement PROF-34T.

34.     That coverage is provided with a $500,000 per claim and aggregate limit.

35.     That endorsement provides in pertinent part:

**I.      COVERAGE P. PROFESSIONAL LIABILITY**

The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury arising out of any negligent act, error or omission in rendering or failure to render professional services, during the policy period, of the type described in the Description of Hazards shown above, whether committed by the insured or by any person for whom the insured is legally responsible.

**II.     DEFENSE, SETTLEMENT, COOPERATION**

The Company will defend any suit against the Insured seeking damages to which this insurance applies, even if the allegations of the suit are groundless, false, or fraudulent and it is agreed that the Company may make such investigation and settlement of any claim or suit as they deem expedient, but the Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements. The Company shall have the exclusive right to contest or settle any of said suits or claims.

36.     The Description of Hazards referenced in the Insuring Agreement are indicated "as per GL Declarations."

37.     The "Insured" in the Professional Liability coverage endorsement is defined as "the corporation...and any executive officer or director thereof while acting in the scope of his duties as such..."

9

{01373211}

38.    "Damages" in the Professional Liability coverage endorsement is defined as "all damages including damages for death, which are payable because of an injury to which this insurance applies."

39.    The following exclusions are included in the Professional Liability coverage endorsement:

### III. Exclusions

This policy does not apply:

\*\*\*

(b) to any injury arising out of the rendering of or failure to render professional services not described in the description of Hazards shown above.

\*\*\*

(i) to liability of an Insured for his acts or omissions as a doctor of medicine.

40.    Appended to the professional liability coverage endorsement is the following exclusion applicable to the general liability policy where the professional liability coverage applies:

(b) Limitation of Coverage Under Any Other Liability Coverage.

Liability provided by any other coverage part under this policy shall not apply to the rendering of or failure to render professional services. Coverage for such is provided exclusively under this coverage part.

41.    The following exclusion is included by endorsement as applicable to the policy in its entirety:

All skin spot treatments services are excluded. Only the Services listed on the Declarations pages are covered. All other services are excluded.

{01373211}

***

**THE INSURANCE POLICY APPLICATION**

42.     The Atain policy was issued in reliance upon a policy renewal application completed by defendant Vadim Smirnov on January 12, 2016.

43.     That policy renewal application disclosed the only business location as 620 Cranbury Rd., Suite 106, East Brunswick, NJ.

44.     The application lists the Named Insured as "Luminus, LLC."

45.     Upon information and belief, Luminus, LLC, had been operating a second location at the 2 West Northfield Rd., Suite 211, Livingston, NJ since at least February 28, 2012.

46.     Upon information and belief, Luminus, LLC, had been trading as "Health & Wellness Center" since at least February 28, 2012.

47.     Neither the "Health & Wellness Center" tradename, nor the 2 West Northfield Rd., Suite 211, Livingston, NJ, business location were disclosed to Atain in the application for insurance coverage. This was a knowing omission.

48.     Atain based its policy premium upon the information provided by Vadim Smirnov on the January 12, 2016 renewal application.

**THE POST LOSS ATTEMPT TO MODIFY THE POLICY**

49.     The Atain Policy was issued on February 10, 2016.

50.     The Angelini burning incident occurred on February 16, 2016.

{01373211}

51.     Defendants Luminus and Smirnov had knowledge of the burning incident, and injuries sustained by Defendant Angelini on the date of her treatment, February 16, 2016.

52.     On February 19, 2016, nine days after the Policy was bound and three days after Angelini's burning incident, Vadim Smirnov made a request to Atain to add the Two West Northfield Rd., Livingston, New Jersey, address to the Atain policy as an insured location.

53.     Defendant Smirnov indicated in his request that Luminus LLC had always had a "mobile aspect" to the operations, and that this mobile aspect had dwindled to just traveling to a location in Livingston, New Jersey, a few days a week so he asked to add the location. This information was false.

54.     Upon information and belief, Defendant Smirnov was the lease holder of the 2 West Northfield Rd., Livingston New Jersey Location.

55.     Upon information and belief, Luminus, LLC, had been operating at the Two West Northfield Rd., Suite 211, Livingston, NJ, since at least February 28, 2012.

56.     Defendant Smirnov did not disclose that he was the lease holder of the Two West Northfield Rd., Livingston New Jersey location and that Luminus LLC, had been operating from that facility for at least four full years prior to the request to add the location.

57.     Defendant Smirnov did not disclose the injury to Angelini or the burning incident despite the fact that Defendants Luminus and Smirnov knew of the incident.

{01373211}

58.     The request to add the Two West Northfield Rd. Livingston New Jersey facility was prompted solely by Angelini's burning incident.

59.     In evaluating the request to add the Two West Northfield Rd. Livingston New Jersey facility, Atain requested additional information regarding the operations at that location.

60.     Defendant Smirnov responded to that request for information noting that the operation was a stand-alone operation with its own entrance, its own reception and involved just two estheticians who performed IPL Photofacial services and chemical peels.

61.     Upon information and belief, this information was knowingly false.

62.     In reality the 2 West Northfield Rd. Livingston New Jersey facility was a medical office operated by Defendants Luminus and Fuksina with a single entrance and single reception handling all aspects of the operation at that location.

63.     In response to the false information provided by Defendant Smirnov in his request to add the 2 West Northfield Rd. Livingston New Jersey facility, Atain agreed to provide the coverage effective February 23, 2016 for an additional premium.

64.     Defendant Smirnov objected to the start date of the coverage and insisted that the coverage be bound retroactive to the date of policy inception, a date before the Angelini burning incident.

65.     Defendant Smirnov made his demand for retroactive coverage with full knowledge of the injury to Angelini and the burning incident, but concealed that information from Atain upon his request for retroactive coverage.

## THE TENDER OF DEFENSE AND RESPONSES OF ATAIN

66.     On or about March 7, 2016, Atain received notice of the incident complained of by Angelini that occurred at the premises, Two West Northfield Rd., Suite 211, Livingston, New Jersey.

67.     In light of the recent request to add that location, Atain conducted an underwriting investigation of the policy.

68.     As a consequence of that underwriting investigation, Atain issued an April 4, 2016 Notice of Cancellation addressed to both Defendants Smirnov and Luminus, cancelling the policy effective May 8, 2016.

69.     In response to the tender of the claim and Litigation Matter, Atain issued a Notice of Partial Denial & Disclaimer Of Insurance Coverage and Reservation of Rights dated August 2, 2016, wherein Atain reserved its rights under the professional liability portion of the policy but denied and disclaimed insurance coverage under the General Liability Part, Coverages A and B for all claims set forth in the Litigation Matter because:

    a.     Claims of Consumer Fraud and Breach of Warranty are not claims seeking damages because of "bodily injury" rising from an "occurrence" as those terms are defined.

    b.     Under the "Combined Coverage and Exclusion Endorsement", Exclusion VII ("Malpractice & Professional Services") is directly applicable.

14

{01373211}

Consequently there is no insurance coverage under the General Liability Part, Coverages A and B.

       c.    The Exclusionary Endorsement (b) "Limitation of Coverage Under Any Other Liability Coverage", is directly applicable and negates coverage under the General Liability Coverage Part where the Professional Liability Coverage Part is implicated.

       d.    There is no coverage for damages arising out of acts or omissions that are beyond the scope of the duties of managers and employees of Luminus LLC.

       e.    As a matter of public policy there is no insurance coverage for Punitive or Exemplary Damages and there is no coverage for such damage claims in the Litigation Matter.

70.    Thereafter the parties, through representation by their respective attorneys, negotiated and executed Non-Waiver Agreements between Atain and Defendants Luminus and Smirnov.

### (i) As to Defendants Luminus and Smirnov

71.    Atain agreed to provide for the defense of the Defendants Luminus and Smirnov while concomitantly reserving its rights to deny and disclaim coverage at a later date and/or rescind the Atain policy and refund the premium to Luminus at a later date for the reasons set forth in the August 2, 2016 Notice of Partial Denial & Disclaimer Of Insurance Coverage and Reservation of Rights, and if further investigation disclosed that:

       a.    The acts or omissions which caused injury to Angelini were beyond the scope of the duties of Vadim Smirnov, Natasha Fuksina, M.D., and/or Jessica Paravati as managers or employees of Luminus LLC, d/b/a the Health & Wellness Center.

{01373211}

b.      Vadim Smirnov, Natasha Fuksina, M.D., and/or Jessica Paravati were not managers or employees of Luminus LLC, d/b/a the Health & Wellness Center, and thus do not qualify as "insured" as that term is defined by the policy.

c.      The acts or omissions which caused injury to Angelini were beyond the scope of the risk classifications that are enumerated in the policy declarations.

d.      The acts or omissions which caused injury to Angelini implicate the exclusion for Skin/Spot Treatment appended by endorsement to the policy.

e.      The acts or omissions which caused injury to Angelini were beyond the scope of the enumerated hazards applicable to the Professional Liability Coverage Part.

f.      Exclusion (i) under the Professional Liability Part as respects the acts or omissions of any insured as a medical doctor is directly applicable.

g.      Should further investigation disclose that Luminus LLC, d/b/a the Health & Wellness Center, Vadim Smirnov, Natasha Fuksina, M.D., and/or Jessica Paravati violated that part of her policy entitled "Duties In The Event Of An Occurrence, Offense, Claim Or Suit" by having failed to give notice of the Angelini incident as soon as practicable as required by the policy notice provisions and that such failure resulted in a likelihood of appreciable prejudice to Atain.

h.      Should further investigation disclose that Luminus LLC, d/b/a the Health & Wellness Center, and/or Vadim Smirnov, made material misrepresentations in the application for insurance coverage, Atain reserves the right to deny and disclaim coverage, rescind the policy *ab initio*, and further to report the misrepresentation to the New Jersey Department of Banking and Insurance, Office of the Insurance Fraud Prosecutor, and concomitantly file a civil action or other claim  under the New Jersey Insurance Fraud Prevention Act to recoup any expenditures made under the fraudulently obtained insurance policy, and any other damages permitted by law.

i.    Reasons that are currently unknown to Atain but develop during continuing discovery and investigation in the Litigation Matter.

**FIRST CAUSE OF ACTION**

**(Contract Based Claims Are Beyond The Scope Of Coverage)**

72.    The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

73.    The allegations of the Litigation Matter assert a claim for injury arising from breach of contract, breach of warranty and consumer fraud.

74.    The General Liability part of the Atain policy affords coverage only for liability for "bodily injury" caused by an "occurrence" as those terms are defined by the policy.

75.    Allegations of breach of contract, breach of warranty and consumer fraud do not assert a claim for injury caused by an "occurrence" as that term is defined by the Atain policy.

76.    As the allegations of breach of contract, breach of warranty and consumer fraud do not assert a claim for injury caused by an "occurrence", those claims are beyond the policy Insuring Agreement, and there can be no insurance coverage for same.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a.    Atain is not obligated to defend or indemnify Defendants Luminus, Smirnov, Fuksina, or Paravati, or to pay any judgment, settlement, verdict or other

{01373211}

award  in Litigation Matter under the General Liability Coverage Part; and

b.      Such other, different and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION

### (Malpractice and Professional Services Exclusion)

77.     The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

78.     Upon information and belief, the allegations of Angelini in the Litigation Matter set forth claims for injury arising from professional services and medical malpractice.

79.     Under the "Combined Coverage and Exclusion Endorsement", Exclusion VII ("Malpractice & Professional services") is directly applicable, and negates coverage for injury arising from Malpractice & Professional services. Consequently there is no insurance coverage under the General Liability Part, Coverages A and B.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a.      Atain is not obligated to defend or indemnify  Defendants Luminus, Smirnov, Fuksina, or Paravati, or to pay any judgment, settlement, verdict or other award  in Litigation Matter under the General Liability Coverage Part; and

b.      Such other, different and further relief as the Court may deem just and proper.

### THIRD CAUSE OF ACTION

### (Cross Coverage Exclusionary Endorsement)

80.     The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

81.     Upon information and belief, the claims asserted by Angelini in the Litigation Matter, implicate the Atain policy Professional Liability Coverage Part.

82.     The Exclusionary Endorsement (b) "Limitation of Coverage Under Any Other Liability Coverage", negates coverage under the General Liability Part where coverage is afforded under the Professional Liability Coverage Part.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a.     Atain is not obligated to defend or indemnify Defendants Luminus, Smirnov, Fuksina, or Paravati, or to pay any judgment, settlement, verdict or other award  in Litigation Matter under the General Liability Coverage Part; and

b.     Such other, different and further relief as the Court may deem just and proper.

### FOURTH CAUSE OF ACTION

### (Not "Insureds")

83.     The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

{01373211}

84. The Atain policy provides insurance coverage to the employees and managers of the Named Insured, Luminus, LLC., while acting without the course and scope of their duties as such.

85. Upon information and belief, the defendants Smirnov, Fuksina, and Paravati were not employees and/or managers of Luminus LLC, and are thus not "insureds" as that term is defined by the Atain policy.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a. Atain is not obligated to defend or indemnify Defendants, Smirnov, Fuksina, or Paravati, or to pay any judgment, settlement, verdict or other award entered against them in Litigation Matter; and

b. Such other, different and further relief as the Court may deem just and proper.

### FIFTH CAUSE OF ACTION

### (Beyond The Scope Of Duties As Managers And Employees")

86. The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

87. The Atain policy limits insurance coverage for the employees and managers of the Named Insured, Luminus, LLC, to claims asserting injury arising out of their conduct as managers and/or employees of Luminus LLC.

88. To the extent that Smirnov, Fuksina, and Paravati were employees and/or managers of Luminus, LLC., upon information and belief, the allegations asserted by

20

Angelini against Smirnov, Fuksina, and Paravati allege activities beyond the scope of their duties as employees and/or managers of Luminus LLC, and there can be no insurance coverage for such conduct.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a.      Atain is not obligated to defend or indemnify Defendants, Smirnov, Fuksina, or Paravati, or to pay any judgment, settlement, verdict or other award that may be entered against them, in Litigation Matter; and

b.      Such other, different and further relief as the Court may deem just and proper.

### SIXTH CAUSE OF ACTION

### (Beyond The Scope Of Risk Classification)

89.      The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

90.      The Atain policy limits insurance coverage to risks arising out of the enumerated Risk Classifications of the declarations page.

91.      Upon information and belief, the acts or omissions which allegedly caused injury to Angelini were beyond the scope of the risk classifications that are enumerated in the Atain policy declarations. Consequently there can be no insurance coverage for same.

{01373211}

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a.      Atain is not obligated to defend or indemnify Defendants, Luminus, LLC, Smirnov, Fuksina, or Paravati, or to pay any judgment, settlement, verdict or other award in Litigation Matter; and

b.      Such other, different and further relief as the Court may deem just and proper.

## SEVENTH CAUSE OF ACTION

### (Skin / Spot Treatment Exclusion)

92.      The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

93.      By endorsement, the Atain policy excludes insurance coverage for injury or damage arising out of Skin / Spot Treatment.

94.      Upon information and belief, the damages suffered by Angelini and claimed in the Litigation Matter are limited to injuries arising out of Skin / Spot Treatment. Consequently there can be no insurance coverage for same.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a.      Atain is not obligated to defend or indemnify Defendants, Luminus, LLC, Smirnov, Fuksina, or Paravati, or to pay any judgment, settlement, verdict or other award in Litigation Matter; and

b.      Such other, different and further relief as the Court may deem just and proper.

{01373211}

## EIGHTH CAUSE OF ACTION

### (Beyond The Scope Of Enumerated Hazards)

95.     The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

96.     The Atain policy limits insurance coverage to risks arising out of the enumerated Hazards outlined in the declarations page.

97.     Upon information and belief, the acts or omissions which allegedly caused injury to Angelini were activities and conduct that was beyond the enumerated hazards outlined in the Atain policy declarations. Consequently there can be no insurance coverage for same.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a.     Atain is not obligated to defend or indemnify Defendants, Luminus, LLC, Smirnov, Fuksina, or Paravati, or to pay any judgment, settlement, verdict or other award in Litigation Matter; and

b.     Such other, different and further relief as the Court may deem just and proper.

## NINTH CAUSE OF ACTION

### (Acts Or Omissions Of A Medical Doctor)

98.     The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

{01373211}

99.     The Atain policy, Exclusion (i) contained in the Professional Liability Part excludes insurance coverage for injury or damage arising out of the acts or omissions of a medical practitioner.

100.    Upon information and belief, the injury complained of by Angelini in the Litigation Matter is limited to injuries arising out of the rendering or failure to render medical care by a medical facility or practitioner. Consequently there can be no insurance coverage for same.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a.      Atain is not obligated to defend or indemnify Defendants, Luminus, LLC, Smirnov, Fuksina, or Paravati, or to pay any judgment, settlement, verdict or other award  in Litigation Matter; and

b.      Such other, different and further relief as the Court may deem just and proper.

## **TENTH CAUSE OF ACTION**

### **(Breach Of The Policy Notice Provisions)**

101.    The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

102.    The Atain policy, conditions section, "Duties In The Event Of An Occurrence, Offense, Claim Or Suit" mandates that any insured must provide notice of an occurrence, claim, or suit as soon as possible.

103.   Upon information and belief, the defendants breached that policy provision when, while having full knowledge of the injury to Angelini, they concealed that information from Atain in an attempt to obtain retroactive insurance coverage for the facility where the injury occurred.

104.   Atain was appreciably prejudiced by the failure to provide notice of the occurrence and claim as soon as possible.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a.      Atain is not obligated to defend or indemnify Defendants, Luminus, LLC, Smirnov, Fuksina, or Paravati, or to pay any judgment, settlement, verdict or other award in Litigation Matter; and

b.      Such other, different and further relief as the Court may deem just and proper.

## **ELEVENTH CAUSE OF ACTION**

### **(Public Policy Prohibits Coverage For Punitive Damages")**

105.   The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

106.   Upon information and belief, the claims asserted by Defendant Angelini in the Litigation Matter seek punitive and exemplary damages.

107.   It is beyond the public policy of the state of New Jersey to provide Insurance coverage for Punitive and Exemplary damages.

{01373211}

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a.     Atain is not obligated to defend or indemnify Defendants Luminus, Smirnov, Fuksina, or Paravati, or to pay any judgment, settlement, verdict or other award for punitive and/or exemplary damages in Litigation Matter; and

b.     Such other, different and further relief as the Court may deem just and proper.

## TWELFTH CAUSE OF ACTION

### (Material Misrepresentation)

108.   The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

109.   Defendant Luminus, LLC, had been operating at the 2 West Northfield Rd., Suite 211, Livingston, NJ, since at least February 28, 2012.

110.   Defendant Smirnov was the lease holder for the 2 West Northfield Rd., Suite 211, Livingston, NJ, location.

111.   Defendant Luminus operated a medical office at the 2 West Northfield Rd., Suite 211, Livingston, NJ, location in coordination with Defendant Fuksina,

112.    Defendant Luminus has been operating under the trade name "Health & Wellness Center" since at least February 28, 2012.

113.   Defendants Luminus and Smirnov knowingly failed to disclose the Livingston New Jersey Location, the use of that location as a medical practice, and the trade name it used at that location.

{01373211}

114.   When pressed for further information regarding the 2 West Northfield Rd., Suite 211, Livingston, NJ, location, Defendants Luminus and Smirnov knowingly and falsely claimed that Luminus had a previous "mobile aspect" of its business that consolidated at the 2 West Northfield Rd., Suite 211, Livingston, NJ, location.

115.   When pressed for further information regarding the scope of the operation at the 2 West Northfield Rd., Suite 211, Livingston, NJ, location, Defendants Luminus and Smirnov knowingly and falsely claimed that Luminus had a separate entrance, reception, and billing at that facility, distinct from any medical practice.

116.   Defendants Luminus and Smirnov knowingly concealed the Angelini burning incident while they attempted to obtain retroactive insurance coverage for the 2 West Northfield Rd., Suite 211, Livingston, NJ, location, where the injury occurred.

117.   Luminus and Smirnov's representations were knowingly false and material to the risk in connection with the application for the insurance policy and constitute legal fraud.

118.   Plaintiff, Atain relied upon the application as submitted by Defendants Luminus and Smirnov in issuing insurance policy number CP7221663202 to Luminus.

119.   Plaintiff, Atain relied upon the information provided by Smirnov and Luminus in their post application communications with Atain in issuing and maintaining coverage for the 2 West Northfield Rd., Suite 211, Livingston, NJ, location.

120.   Smirnov and Luminus' misrepresentations were material to the risk insured against in that had Plaintiff Atain known the truth regarding real risk exposure,

{01373211}

Atain would not have underwritten the insurance coverage in the form provided and at the premium charged.

121.   As a result of the material misrepresentations made by Smirnov and Luminus, Atain has been injured.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a.   Atain is not obligated to defend or indemnify Defendants Luminus, Smirnov, Fuksina, or Paravati, or to pay any judgment, settlement, verdict or other award in Litigation Matter; and

b.   The Atain Policy number CP7221663202 issued to Luminus in reliance upon the application and post application information supplied by Luminus and Smirnov, is void *ab initio*, with the policy premium to be refunded to Luminus within 30 days of the Order voiding the policy.

c.   Atain be awarded Compensatory damages;

d.   Atain be awarded attorney's fees and costs of suit

e.   Atain be granted such other, different and further relief as the Court may deem just and proper.

## THIRTEENTH CAUSE OF ACTION

## (New Jersey Insurance Fraud Prevention Act, N.J.S.A. §17:33A-1 et. seq.)

122.   The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

123.   Defendants Luminus and Smirnov made material misrepresentations in the application for insurance with the intention that Plaintiff Atain Specialty Insurance Company rely on the material misrepresentation in issuing an insurance policy.

124.   Defendants Luminus and Smirnov made material misrepresentations in connection with the request to extend insurance coverage to the 2 West Northfield Rd., Suite 211, Livingston, NJ, location, with the intention that Plaintiff Atain Specialty Insurance Company rely on the material misrepresentation in issuing extending insurance coverage.

125.   Defendants Luminus and Smirnov made material misrepresentations in response to the post claim underwriting inquiry, with the intention that Plaintiff Atain Specialty Insurance Company rely on the material misrepresentation in maintaining insurance coverage.

126.   Plaintiff, Atain, did rely to its detriment upon the material misrepresentations of Luminus and Smirnov in that Atain issued policy number CP7221663202 to Luminus, extended the scope of that policy to cover the 2 West Northfield Rd., Suite 211, Livingston, NJ, location, and maintained that coverage for months while Atain verified through its investigation the false information provided.

127.   Policy number CP7221663202 to Luminus, was obtained fraudulently, and is void *ab initio*.

{01373211}

128. Plaintiff, Atain, has expended great sums and substantial time to issue the policy, investigate and discover the Smirnov and Luminus material misrepresentations, and to rescind the policy as well as great sums and substantial time in defending the underlying Litigation Matter and prosecuting this Complaint for Declaratory Judgment all of which expenses arose out of Smirnov and Luminus' material misrepresentations.

129. Smirnov & Luminus' material misrepresentations amount to a violation of the New Jersey Insurance Fraud Prevention Act, N.J.S.A. §17:33A-1 *et. seq*.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a. Atain is not obligated to defend or indemnify Defendants Luminus, Smirnov, Fuksina, or Paravati, or to pay any judgment, settlement, verdict or other award in Litigation Matter; and

b. The Atain Policy number CP7221663202 issued to Luminus in reliance upon the material misrepresentations of Smirnov and Luminus is void *ab initio*, with the policy premium to be refunded to Luminus within 30 days of the Order voiding the policy.

c. Atain be awarded Compensatory damages;

d. Atain be awarded Punitive damages;

e. Atain be awarded statutory treble damages;

f. Atain be awarded attorney's fees and costs of suit

g. Atain be granted such other, different and further relief as the Court may deem just and proper.

{01373211}

## FOURTEENTH CAUSE OF ACTION

### (Interested Party)

130.   The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

131.   The Defendant Julie Angelini is joined herein as a Defendant in order that she be bound by the Judgment of this Court as she has an interest in the presence or absence of insurance coverage for the Defendants Luminus, Smirnov, Paravati and Fuksina, which she has sued in the Litigation Matter.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a.   Atain is not obligated to defend or indemnify Defendants Luminus, Smirnov, Paravati and Fuksina,, or to pay any judgment, settlement, verdict or other award in Litigation Matter; and

b.   Such other, different and further relief as the Court may deem just and proper.

### JURY DEMAND

The Plaintiff herein demands a trial by jury.

{01373211}

Dated: November 7, 2017                    **MORGAN MELHUISH ABRUTYN**


                                           By: _____ */s/ Joseph DeDonato* _____
                                                  JOSEPH DeDONATO, ESQ. (JDD 7319)
                                                  651 Old Mt. Pleasant Avenue, Suite 200
                                                  Livingston, New Jersey 07039
                                                  (973) 994-2500
                                                  Attorneys for Plaintiff,
                                                  Atain Specialty Insurance Company

{01373211}